CHITEK and wife, Plaintiffs and Respondents, vs. HORN and others, Defendants: RUDOLPH and another, Defendants and Appellants.

*March 9—April 5, 1950.*

For the appellants there were briefs by *Langer & Cross* of Baraboo, and oral argument by *Clyde C. Cross* and *H. M. Langer.*

For the respondents there was a brief by *Conway & Conway* of Baraboo, attorneys, and *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee of counsel, and oral argument by *Walter D. Corrigan, Sr.,* and *Vaughn S. Conway.*

HUGHES, J.   The appellants contend that there is not sufficient credible evidence to sustain the jury's verdict that the complaints of the respondent Helen Chitek resulted from the injuries, and that it is pure speculation to so hold in view of the fact that at the time of the accident she had a scoliosis of the spine and an arthritic condition.

Where the testimony is in conflict, the testimony of an expert being at variance with that of the respondent, it does not necessarily render the testimony of the respondent incredible.

Where the question was whether there had been a complete recovery, which objective symptoms indicated to the medical experts, and the plaintiff testified that he was suffering severe headaches, nervousness, irritability, difficulty in sleeping, impairment of memory, and was, because of his physical condition, unable to hold a job, it was held that the jury had a

right to believe plaintiff's testimony and a verdict of $15,000 based upon such subjective symptoms was sustained. *Kearney v. Massman Construction Co.* (1945), 247 Wis. 56, 18 N. W. (2d) 481. There is no reason to accept a litigant's testimony of subjective symptoms which establish results and reject such testimony from which a jury may infer cause.

Where respondent, a woman thirty-five years of age, testified that she was the mother of five living children at the time of the accident and had always cared for them and done all of her housework, including laundry, baking, scrubbing, and housecleaning, even though she had a stiff knee and a scoliosis of the spine, and after the accident had pain in her neck and upper spine which made it impossible for her to put forth sustained effort or do heavy household duties,— the jury could properly infer that her physical disabilities resulted from injuries sustained in the accident. An award of $4,000 for such personal injuries, which the doctors testified were permanent in nature but in their opinion were due to arthritis, was not excessive.

The damages allowed to the husband were ample but not excessive.

Respondents contend that since the appellant Insurance Company stipulated to liability and agreed to pay damages to the extent of its $10,000 coverage, it cannot complain when the damages are under policy limits. Such a stipulation in our opinion merely concedes liability and puts respondents to their proof on damages. The liability thus admitted is only for legitimate provable damages which flow from the injury sustained in the accident.

*By the Court.*—Judgment affirmed.